## J. R. MEEKER, *et al. vs.* CHARLES WREN.

The statute requires that matters of defense be specifically pleaded, and with the same precision required in a complaint.

ERROR to the District Court holding terms for Pierce county.

Opinion by McFADDEN, Chief Justice.

This cause comes before this Court on exceptions to the ruling of the District Court on the pleadings. The plaintiff below brought his action to recover the amount of a promissory note, made by J. R. Meeker *et al.* The defendant purposes to defeat the recovery of the plaintiff, by setting up in his answer, that the plaintiff, between the 17th day of January, 1858, and the first day of March, 1859, slaughtered, sold, and consumed, for his own use and benefit, twenty-three head of cattle belonging to the defendant, reasonably worth seventy dollars per head, for which no payment had been made to the defendant.

The plaintiff, by counsel, moved the Court to strike from the answer all that portion in the third count which related to the slaughter and consumption of cattle, which motion was sustained, and the order of the Court excepted to, which said ruling now constitutes the error, assigned.

An examination of the answer of the defendant, in the Court below, shows no averment of any contract for the sale or delivery of any cattle. There is nothing, indeed, in the answer which sounds in contract. The count itself sounds more of the old common law count for money had, and received, than a count for cattle, goods or merchandise sold and delivered. It contains none of the averments required by our statute. The defendant is required to set forth his matter of defense specifically, and with the same precision and accuracy which are required of a plaintiff.

Had the matter set up here as a defense arisen *ex contractu* instead of *ex delicto*, it would have been an easy matter for the defendant to have so set forth the facts, and to have so framed his answer as to have made it available for defense to the action; and in this the same particularity and distinctness of statement is required as if he were the plaintiff. We think there was no error in the Court below, and therefore direct that judgment be affirmed.